# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Joseph Byrne,<br><br>　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, *et al.*,<br><br>　　　　Respondents. | No. CV-18-02431-PHX-JJT (ESW)<br><br>**ORDER** |

At issue is the Report and Recommendation ("R&R")(Doc. 27) submitted by United States Magistrate Judge Eileen S. Willett, recommending that the Court dismiss with prejudice the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and deny Petitioner's request to dismiss the Petition without prejudice (Doc. 26). Petitioner timely filed an Objection thereto (Doc. 28) and Respondents filed a Response to that Objection (Doc. 29).

Upon *de novo* review, the Court adopts Judge Willett's R&R in its entirety, including the underlying reasoning, which is legally and logically correct. Petitioner's state conviction became final for purposes of AEDPA on September 16, 2010, at the latest, when the time for him to seek review at the Arizona Supreme Court of his conviction and sentence, as affirmed by the Arizona Court of Appeals, expired. AEDPA's one-year limitations period therefore began to run the next day and expired on September 16, 2011. He did not file the instant Petition until August 2018—almost seven years too late. As analyzed by Judge Willett, Petitioner presented no basis for either statutory or equitable

tolling and presented no evidence of actual innocence which would be necessary for triggering of the *Schlup* gateway analysis. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Understanding this would be a problem after reading Respondents' Answer, Petitioner sought to save his ability to re-raise the Petition in the future by filing a Motion to Concede the Habeas Corpus (Doc. 26), in which he sought dismissal of this Petition without prejudice. But as correctly analyzed by Judge Willett in the R&R, there is nothing to save. Even were Petitioner to refile a petition in the future on the issues he has raised, it would still be untimely without exception and thus subject to the same limitations bar. Thus any such subsequent petition raising these issues would necessitate the same work by Respondents and the Court to return to exactly the same conclusion—that the petition would be untimely without excuse. That would work an inefficiency to the Court, and a prejudice on Respondents. Nothing in Petitioner's Objections addresses this point at all. Therefore,

IT IS ORDERED overruling Petitioner's Objections to the R&R (Doc. 28) and adopting the R&R in whole (Doc. 27).

IT IS FURTHER ORDERED dismissing with prejudice the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and denying Petitioner's request within his Motion to Concede the Habeas Corpus (Doc. 26) to dismiss without prejudice.

IT IS FURTHER ORDERED denying a certificate of Appealability and leave to proceed in forma pauperis on appeal. Dismissal of the Petition here is justified by the plainest of procedural bars.

IT IS FURTHER ORDERED that the Clerk of Court shall terminate this matter.

Dated this 8th day of January, 2020.

Honorable John J. Tuchi
United States District Judge